PENDLETON, President.
The right of entry of Graves, under whom the plaintiffs claim, accrued on the conveyance in 1788. If that conveyance had been from a third person, Bibb’s possession would have been a bar to the entry; but surely, he cannot avail himself of it against his own deed. On that point the Court have no doubt..
The objection on which the District Court founded its judgment, if any thing in it, is cured expressly by our statute of Jeofails.
Bibb being in possession when he conveyed to Graves, there can be no doubt of the legal operation of that deed.
But Graves being out of possession, and that stated to be adverse in Bibb, when the bargain and sale to the plaintiffs was made by Graves,’ the counsel are permitted, as they desired, to argue the question, whether any title passed to the plaintiffs by that deed.
Call, for the appellant.
*541 That question depends upon the common doctrine relative to choses in action, which has of late years undergone very great alterations. [Master v. Miller,] 4 T. R. 340. It was formerly *held that a mere possibility was not assignable ; but that doctrine is now completely reversed. [Roe v. Jones et al.,] 1 E. Black. 30; and if such a contingent and uncertain estate as that could be granted, it would seem much more reasonable in such a case as the present: Otherwise, innumerable inconveniences would follow; for, then a man in debt, but out of possession, could not dispose of his lands to relieve himself from difficulties; and trustees could not sell under a deed of trust, unless the debtor would consent to give them possession. Reason and public convenience are, therefore, strongly in favor of the conveyance, unless the act of Assembly against buying and selling pretensed titles, shall be thought to make a difference. But it would be extraordinary, if a man were to be received to say, against his own deed, that his own vendee obtained a pretensed title only; and it is scarcely credible, that the Legislature could have intended that a purchase under a deed of record, which is prima facie evidence of a complete title, should be rendered void by the possession of the vendor.
Randolph, contra.
The verdict finds that Graves never was in possession; and at common law, there must have been a junction of both right and seisin, in order to enable the latter to convey. 2 Black. Com. 314, 290; Co. Litt. 214, 266. The same rule holds good with regard to conveyances under the statute: Which unites the use with the possession; but that necessarily supposes the bargainor to be in possession ; or else the statute could not transfer his possession to the use. A seisin in law is not enough; for, that is not sufficient for any purpose but a descent. 1 Inst. 49; Plowd. 139. Besides, the contrary doctrine is expressly against the act concerning buying and selling pretensed titles; and a conveyance against a rule of law or statute cannot be supported. [Per Holt, C. J., in Bartlett v. Vinor, Carth. 252.
*Wickham, for the appellant.
The tenant of the freehold may convey ; and the act of Assembly, Rev. Code, 167, made Graves tenant of the freehold, immediately, on the execution of the deed to him. But, a man once seised continues seised, until he is actually' disseised. Taylor v. Atkyns, 1 Burr. 110, [Smartle v. Williams,] 1 Salk. 245; [Blunden v. Baugh,] Cro. Car. 302; [Powsely v. Blackman,] Cro. Jac. 660; which likewise shews that the owner may elect to consider himself disseised, or -not, at his pleasure. The jury have not found an adverse possession positively, but conditionally: and, therefore, according to the doctrine, Graves had a right to consider himself disseised, or not, as he pleased; and, consequently, had a right to convey.
Cur. adv. vult.
PENDLETON, President, delivered the resolution of the Court, as follows:
This is a supersedeas to a judgment of the District Court of Charlottesville, in ejectment, commenced there by the appellants against the appellee; in which the jury find a special verdict, stating, that the defendant Robert Bibb, by deed of bargain and sale, dated December 13, 1788, which was duly recorded, conveyed the lands in question to Francis Graves in fee, and covenants to warrant and defend the land to Graves, his heirs and assigns, against himself and all others. That Graves, by a like deed, dated November 28, 1793, also duly recorded, conveyed the lands to the plaintiffs in fee, with a general warranty. That, at the time of the first conveyance, the defendant Robert was in possession, and had been for upwards of twenty years. That no proof was made that Graves was ever in actual possession, or ever entered into the land, for the purpose of executing his deed to the plaintiffs; but, that the defendant Robert has now, and always has had, adverse possession of it, against Graves, and all holding under him, except as to the operation of the deeds. On this verdict, judgment was given for the defendants; because, as the record states, the demise and *ouster, as laid in the declaration, appear to be prior to the commencement of the plaintiff’s title.
The first question arises on the reason given by the Court for their judgment; but, this is plainly decided by a clause in the act of Assembly of 1792, p. 119 of the R. C. [c. 128, 'i 102, ed. 1819,] that, after issue joined on the title only, in ejectment, no exception of form or substance shall be taken to the declaration in any Court whatsoever.
As to the twenty years possession in Robert, prior to his conveyance to Graves, it only proves that he had a good title in ejectment, and a right to make that conveyance, and cannot operate as a bar by the act of limitation to the plaintiffs claiming under Graves, whose right of entry accrued only eight years before suit brought.
The third, and principal question is, whether the bargain and sale of Graves, (then out of possession) to the plaintiffs, passed his title to them? As an objection to its passing the title, the statute and act of Assembly against buying pretensed titles, were relied on, as having, in addition to the severe penalty on the buyer and seller of the land, made the conveyance void. It is unnecessary to consider whether those laws produced the effect contended for, since we are all of opinion that the purchase of the plaintiffs is not within the act of Assembly, which has this exception: “unless, the person conveying, or those under whom he claims, shall have been in possession one whole year next before. ’ ’ Here, Graves, was the person conveying, and Bibb, the person in possession, was him under whom Graves claimed; so that, literally, Bibb is excluded from making the objection; and, if it depended upon construction, could the plaintiffs possibly suppose, when they purchased, that Bibb’s possession was adverse to the title of Graves, to whom he had conveyed the land, with a general warranty? Whether a person out of possession can convey his *title by bargain and sale, or any other statutory conveyance, seems settled by the deci *542 sions in England, under their statute of uses; and our act of Assembly, E. C. 167, [c. 99, § 29, E. C. ed. 1819,] in conformity to those decisions,, has added a clause, not in the statute of uses, that those conveyances shall transfer the possession to the use, as perfectly as if the bargainee had been enfeoffed with livery of seisin of the land conveyed. The Court are, therefore, of opinion, upon this point, that the title of Graves passed to the plaintiffs by the bargain and sale, and gave them a good title against Bibb: And, upon the whole, that there is error in the judgment of the District Court; which is to be reversed with costs, and judgment entered for the plaintiffs.